UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. ) |
| ONE HUNDRED THOUSAND DOLLARS IN U.S. CURRENCY ($100,000.00), | ) ) ) ) |
| Defendant. | ) |

## VERIFIED COMPLAINT OF FORFEITURE

Plaintiff the United States of America for its Verified Complaint for Forfeiture states as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Sections 981(a)(1)(A) and (C).

2. The defendant property was seized by law enforcement on or about March 16, 2021, and is described more fully as one hundred thousand dollars in U.S. currency ($100,00.00) (the "defendant property").

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

4. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of

1

Missouri. Venue is also proper pursuant to Title 28, United States Code, Section 1395(b) because the defendant currency was seized in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

5. Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

6. Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

7. Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

8. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

9. Title 18, United States Code, Section 1952 criminalizes traveling in interstate commerce with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carry on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

10. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952 is subject to civil forfeiture.

## FACTS GIVING RISE TO THE FORFEITURE

11. On or about March 16, 2021, Usman Ahmad ("Ahmad") was travelling in a white Ford Expedition ("Expedition") headed west on Interstate 44 within the Eastern District of Missouri.

12. At approximately 6:00 a.m., DEA Task Force Officer Carmelo Crivello observed the Expedition commit three traffic violations and conducted a traffic stop of the vehicle.

13. TFO Crivello made contact with Ahmad in the Expedition. TFO Crivello informed Ahmad of the traffic violations and asked for Ahmad's license and rental contract. As Ahmad retrieved those items, Ahmad told TFO Crivello he was on his way to Los Angeles, California to attend a wedding. Ahmad provided TFO Crivello with a Virginia Driver's License and a rental contract from Avis. Ahmad then agreed to accompany TFO Crivello to Crivello's patrol vehicle.

14. While in the patrol vehicle, Ahmad again told TFO Crivello that he was driving from Virginia to Los Angeles for a wedding. Ahmad further stated the wedding was that night, a Tuesday. TFO Crivello stated that it was odd to have a wedding on a Tuesday night and that Ahmad was still 26 hours away from Los Angeles. Ahmad replied it was a Muslim wedding and it would

3

be a seven-day event.

15.     Upon information and belief, weddings in the Islamic faith do not last seven days.

16.     TFO Crivello noticed that the rental contract for the Expedition indicated the Ahmad rented the vehicle from Avis on March 14, 2021 in Dulles, Virginia for return on March 18, 2021 in Los Angeles, California. Later investigation with Avis revealed Ahmad was a walk-in customer and did not make a reservation for the rental.

17.     Ahmad further informed TFO Crivello that he did not fly to California because of the coronavirus. However, Ahmad stated he planned to return to Virginia from Los Angeles via airplane. When reminded of his previous statement, Ahmad looked down and stated he planned to drive to Arizona to visit an unidentified woman.

18.     TFO Crivello told Ahmad that it wasn't unusual to encounter drug smugglers on this interstate. Ahmad then said, "Go for it." TFO Crivello asked what Ahmad meant. Ahmad pointed his open palms toward the Expedition and said: "Go for it. There's nothing there." TFO Crivello asked Ahmad if he was giving him consent to search the vehicle and Ahmad said yes.

19.     TFO Crivello asked Ahmad if there were large amounts of currency in the Expedition. Ahmad stated he had around $2,000 in his backpack. TFO Crivello and Ahmad walked to the vehicle and Ahmad retrieved the currency from the backpack.

20.     TFO Crivello then searched the vehicle. TFO Crivello located a mid-sized suitcase in the rear seat that contained a large Fed-Ex box.

21.     Upon inquiry by TFO Crivello, Ahmad confirmed that the Fed-Ex box contained $100,000 in U.S. currency ("defendant property"). TFO Crivello asked Ahmad to whom the money belonged to and Ahmad did not answer.

22.     The U.S. currency was seized and was comprised of $20 and $50 denominations

rubber banded together, which is indicative of drug proceeds or cash earmarked for the purchase of drugs. Ahmad's cellular telephone was also seized.

23. A certified drug detection canine was deployed for a discretionary sniff of the defendant property. The canine gave an affirmative response to the presence of a controlled substance on the defendant property.

24. On March 16, 2021, officers obtained a search warrant through the Phelps County, Missouri Circuit Court to search Ahmad's cellular phone.

25. From the search of Ahmad's cellular phone, investigators discovered multiple messages between Ahmad and other individuals regarding drug trafficking, including text messages, e-mails and messages sent through Facebook Messenger, Telegram, Signal, WhatsApp and Snapchat.

26. For example, on September 23, 2020, an individual sent Ahmad four videos of marijuana. Ahmad replied he sent the video to three buyers and is waiting to hear back. Several phone calls occur between the individual and Ahmad.

27. In February and March 2021, the individual and Ahmad exchange multiple messages in regard to purchasing and selling various strains of marijuana and then returning it to Virginia. In one of the messages, Ahmad references costs for a trip to Los Angeles.

28. On March 14, 2021, on the day he rented the Expedition in Virginia, Ahmad sent a message that read: "Can I come over tonight get cashed out for the LA/rental and the commission on the units today please?"

29. Upon information and belief, "units" is a coded reference to a certain amount of controlled substance for distribution.

30. On March 14, 2021, Ahmad told Damo he's leaving tomorrow and to let him know

if he needs anything. Damo says, "got you bro."

31.     On March 15, 2021, Ahmad states in a message: "Sold- 2200 GS, BB- 1700, Sunday Driver- 1200, Returned VA OG, GS, Suricanie, Have OG cake (28), GS 22, Lava-38, New OG 1650, lava cake- 38, BBB- 1750, FG- 2050, OG cake paid ****." The message lists names for various strains of marijuana.

## COUNT ONE – FORFEITURE
### 21 U.S.C. § 881(a)(6)

32.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 31 above as if fully set forth herein.

33.     The defendant property is bulk U.S. currency that was discovered by law enforcement officers in bundles, wrapped in rubber bands, in denominations and a manner that is consistent with drug trafficking. In addition, the defendant property was found concealed in a shipping box inside a suitcase. Ahmad's phone contained images of marijuana and communications about drug trafficking. Finally, a certified narcotics canine alerted positively to the presence of a controlled substance on the defendant property.

34.     Based on the foregoing, the defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money to be used to facilitate a violation of the Controlled Substances Act.

## COUNT TWO – FORFEITURE
### 18 U.S.C. § 981(a)(1)(A)

35.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 31 above as if fully set forth herein.

36.     The defendant currency is proceeds of an unlawful activity involving controlled

substances and was transported through the Eastern District of Missouri by Ahmad with the intent to promote the carrying on of, and to conceal or disguise the nature, location, source, ownership or control of, a specified unlawful activity.

37. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

### COUNT THREE – FORFEITURE
### 18 U.S.C. § 981(a)(1)(C)

38. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 31 above as if fully set forth herein.

39. The defendant currency is proceeds of an unlawful activity involving controlled substances that travelled with Ahmad in interstate commerce with the intent to distribute it, and otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity involving controlled substances.

40. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(C) as property that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952.

**PRAYER FOR RELIEF**

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the defendant currency and the defendant currency be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


*/s/ Stephen Casey*
STEPHEN CASEY, #58879(MO)
Assistant United States Attorney
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone:     (314) 539-2200
Stephen.Casey3@usdoj.gov

## VERIFICATION

I, Carmelo Crivello, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer with the Drug Enforcement Administration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 09-14-2021
(date)

_____
CARMELO CRIVELLO
Task Force Officer
Drug Enforcement Administration